FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Aug 22, 2025

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| ELISABETH Q., <br>     Plaintiff, <br> v. <br> COMMISSIONER OF SOCIAL SECURITY ADMINISTRATION, <br>     Defendant. | No. 1:24-03188-SAB <br><br> **ORDER REVERSING THE DECISION OF COMMISSIONER** |

    Plaintiff brings this action seeking juridical review of the Commissioner of Social Security's final decision denying her application for social security benefits. Plaintiff is represented by Jeffrey Schwab. The Commissioner is represented by Frederick Fripps, L. Jamala Edwards, and Brian M. Donovan. Pending before the Court is Plaintiff's Opening Brief, ECF No. 9, and the Commissioner's Brief, ECF No. 10.

    After reviewing the administrative record and briefs filed by the parties, the Court is now fully informed. For the reasons set forth below, the Court reverses the Commissioner's decision and remands for an immediate award of benefits.

**I.    Jurisdiction**

    On October 19, 2022, Plaintiff filed an application for supplemental security income, alleging disability beginning May 5, 2017. At the hearing, Plaintiff amended the alleged onset date of disability to October 19, 2022. Plaintiff's application was denied initially and on reconsideration. Plaintiff requested a

**ORDER REVERSING THE DECISION OF COMMISSIONER ~ 1**

hearing and on March 5, 2024, a telephonic hearing was held. Plaintiff appeared and testified before an ALJ, with the assistance of her counsel, Jeffrey Schwab. Erin Marz, vocational expert, also participated. The ALJ found that Plaintiff was not disabled.

Plaintiff requested review by the Appeals Council and the Appeals Council denied the request on September 23, 2024. The Appeals Council's denial of review makes the ALJ's decision the "final decision" of the Commissioner of Social Security, which this Court is permitted to review. 42 U.S.C. §§ 405(g), 1383(c)(1)(3).

Plaintiff filed a timely appeal with the United States District Court for the Eastern District of Washington on November 11, 2024. ECF No. 1. The matter is before this Court pursuant to 42 U.S.C. § 405(g).

## II.   Five-Step Sequential Evaluation Process

The Social Security Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). A claimant shall be determined to be under a disability only if their impairments are of such severity that the claimant is not only unable to do their previous work, but cannot, considering claimant's age, education, and work experiences, engage in any other substantial gainful work that exists in the national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B). The Commissioner has established a five-step sequential evaluation process to determine whether a person is disabled in the statute. See 20 C.F.R. §§ 404.1520(a)(4)(i)-(v), 416.920(a)(4)(i)-(v).

**Step One**: Is the claimant engaged in substantial gainful activities? 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). Substantial gainful activity is work done for pay and requires compensation above the statutory minimum. *Keyes v.*

**ORDER REVERSING THE DECISION OF COMMISSIONER** ~ 2

*Sullivan*, 894 F.2d 1053, 1057 (9th Cir. 1990). If the claimant is engaged in substantial activity, benefits are denied. 20 C.F.R. § 404.1520(b), 416.920(b). If the claimant is not, the ALJ proceeds to step two.

**Step Two**: Does the claimant have a medically-severe impairment or combination of impairments? 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). A severe impairment is one that lasted or must be expected to last for at least 12 months and must be proven through objective medical evidence. *Id.* §§ 404.1509, 416.909. If the claimant does not have a severe impairment or combination of impairments, the disability claim is denied. *Id.* § 404.1520(a)(4)(ii), 416.920(a)(4)(ii). If the impairment is severe, the evaluation proceeds to the third step.

**Step Three**: Does the claimant's impairment meet or equal one of the listed impairments acknowledged by the Commissioner to be so severe as to preclude substantial gainful activity? 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). If the impairment meets or equals one of the listed impairments, the claimant is conclusively presumed to be disabled. 20 C.F.R. §§ 404.1520(d), 416.920(d). If the impairment is not one conclusively presumed to be disabling, the evaluation proceeds to the fourth step.

Before considering to the fourth step, the ALJ must first determine the claimant's residual functional capacity. An individual's residual functional capacity is their ability to do physical and mental work activities on a sustained basis despite limitations from their impairments. 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1). The residual functional capacity is relevant to both the fourth and fifth steps of the analysis.

**Step Four**: Does the impairment prevent the claimant from performing work they have performed in the past? 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). If the claimant is able to perform their previous work, they are not disabled. 20 C.F.R. §§ 404.1520(f), 416.920(f). If the claimant cannot perform

**ORDER REVERSING THE DECISION OF COMMISSIONER** ~ 3

this work, the evaluation proceeds to the fifth and final step.

**Step Five**: Is the claimant able to perform other work in the national economy in view of their age, education, and work experience? 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). The initial burden of proof rests upon the claimant to establish a prima facie case of entitlement to disability benefits. *Tackett v. Apfel*, 108 F.3d 1094, 1098 (9th Cir. 1999). This burden is met once a claimant establishes that a physical or mental impairment prevents him from engaging in her previous occupation. *Id*. At step five, the burden shifts to the Commissioner to show that the claimant can perform other substantial gainful activity. *Id.*

### III.   Standard of Review

The Commissioner's determination will be set aside only when the ALJ's findings are based on legal error or are not supported by substantial evidence in the record as a whole. *Matney v. Sullivan*, 981 F.2d 1016, 1018 (9th Cir. 1992) (citing 42 U.S.C. § 405(g)). Substantial evidence is "more than a mere scintilla," *Richardson v. Perales*, 402 U.S. 389, 401 (1971), but "less than a preponderance," *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n.10 (9th Cir. 1975). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson*, 402 U.S. at 401.

A decision supported by substantial evidence will be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secr'y of Health & Human Servs.*, 839 F.2d 432, 433 (9th Cir. 1988). An ALJ is allowed "inconsequential" errors as long as they are immaterial to the ultimate nondisability determination. *Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1055 (9th Cir. 2006). The Court must uphold the ALJ's denial of benefits if the evidence is susceptible to more than one rational interpretation, one of which supports the decision of the administrative law judge. *Batson v. Barnhart*, 359 F.3d 1190, 1193 (9th Cir. 2004). It "must consider the entire record as a whole, weighing both the evidence that supports and the evidence that detracts from the

**ORDER REVERSING THE DECISION OF COMMISSIONER** ~ 4

Commissioner's conclusion, and may not affirm simply by isolating a specific quantum of supporting evidence." *Revels v. Berryhill*, 874 F.3d 648, 654 (9th Cir. 2017) (quotation omitted). "If the evidence can support either outcome, the court may not substitute its judgment for that of the ALJ." *Matney*, 981 F.2d at 1019.

## IV.  Statement of Facts

The facts have been presented in the administrative record, the ALJ's decision, and the briefs to this Court. Only the most relevant facts are summarized herein.

Plaintiff has prior work as a sous-chef and baker. She also worked at Domino's Pizza, Dairy Queen and McDonalds. She quit her last job because of her anxiety and back pain.

Around 2012, Plaintiff was in a car accident and since that time her back has caused significant pain. She states she needs assistance to go to the bathroom, and most of the time she cannot shower by herself. She cannot wash her hair by herself. She uses a cane to walk. Plaintiff takes medication for her anxiety and depression. She reports hearing voices and sometimes acts on them. She has difficulty with her memory and recalling details.

She lives with her mom. She is not able to cook, other than to warm up food. Standing for a significant amount of time is difficult. She cannot do her laundry. She does not drive and never had a driver's license. She can go to the grocery store if her mom accompanies her. Her mom reported that Plaintiff does not go anywhere without her. She spends her time lying on the floor because it is the most comfortable position for her.

Plaintiff was in a relationship she describes as being physically, verbally, and emotionally abusive. She experiences nightmares as a result. She has not left the home to socialize for about a year.

Plaintiff began using marijuana when she was 13 and used it daily until 2022. She was also abusing alcohol, cocaine, and methamphetamine at the same

**ORDER REVERSING THE DECISION OF COMMISSIONER** ~ 5

time. She has been sober since March 2022.

In January 2024, Plaintiff had a procedure done at Swedish Memorial Hospital. She reported t her back spasms have gotten better, and the stabbing pain has stopped.

### V. The ALJ's Findings

The ALJ issued an opinion affirming denial of benefits. AR 18-31.

At step one, the ALJ found that Plaintiff has not engaged in substantial gainful activity since October 19, 2022, the alleged amended onset date. AR 20.

At step two, the ALJ identified the following severe impairments: degenerative disc disease, obesity, schizophrenia, depressive disorder, bipolar disorder, anxiety disorder, post-traumatic stress disorder (PTSD) and substance use disorder. AR 21.

At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments. AR 21. Ultimately, the ALJ concluded that Plaintiff has a residual function capacity ("RFC") to perform:

> light work as defined in 20 CFR 416.967(b) except she is able to frequently balance and crawl, but only occasionally climb ramps or stairs, stoop, kneel and crouch but never climb ladders, ropes or scaffolds. She is able to work in same room with co-workers but not in coordination with them. She is able to work superficially and occasionally with general public and adapt to simple, occasional workplace changes.

AR 23.

At step four, the ALJ found that Plaintiff was no past relevant work. AR 29.

The ALJ found there were other jobs that existed in significant numbers in the national economy that Plaintiff could also perform in the national economy, including housekeeping cleaner: marker and routing clerk. Consequently, the ALJ found that Plaintiff was not disabled.

//

**ORDER REVERSING THE DECISION OF COMMISSIONER** ~ 6

## VI. ISSUES

1. Did the ALJ properly reject medical records because of the absence of the "5-day" letter?
2. Did the ALJ properly evaluate the medical evidence?
3. Did the ALJ meet its Step Five burden.

## VII. Discussion

### 1. Recent Medical Records

Plaintiff asserts the ALJ improperly failed to consider the medical evidence from her procedure that took place in January 2024.

Pursuant to the social security regulations, 20 C.F.R. § 404.935 states:

> (a) When you submit your request for hearing, you should also submit information or evidence as required by § 404.1512 or any summary of the evidence to the administrative law judge. Each party must make every effort to ensure that the administrative law judge receives all of the evidence and must inform us about or submit any written evidence, as required in § 404.1512, no later than 5 business days before the date of the scheduled hearing. If you do not comply with this requirement, the administrative law judge may decline to consider or obtain the evidence, unless the circumstances described in paragraph (b) of this section apply.
>
> (b) If you have evidence required under § 404.1512 but you have missed the deadline described in paragraph (a) of this section, the administrative law judge will accept the evidence if he or she has not yet issued a decision and you did not inform us about or submit the evidence before the deadline because:
>
>   (1) Our action misled you;
>   (2) You had a physical, mental, educational, or linguistic limitation(s) that prevented you from informing us about or submitting the evidence earlier; or
>   (3) Some other unusual, unexpected, or unavoidable circumstance beyond your control prevented you from informing us about or submitting the evidence earlier. Examples include, but are not limited to:
>     (i) You were seriously ill, and your illness prevented you from contacting us in person, in writing, or through a friend, relative, or other person;
>     (ii) There was a death or serious illness in your immediate family;

**ORDER REVERSING THE DECISION OF COMMISSIONER** ~ 7

    (iii) Important records were destroyed or damaged by fire or other accidental cause; or
    (iv) You actively and diligently sought evidence from a source and the evidence was not received or was received less than 5 business days prior to the hearing.

  At the hearing, counsel informed the ALJ that Plaintiff received records from Swedish Hospital regarding the ablation procedure that was completed in January 2024 just two days prior to the hearing. Plaintiff asked the ALJ to keep the record open for another week or so to give time to provide the records. The ALJ noted that a five-day letter was not provided by counsel, which counsel explained was because he just found out about the records the morning of the hearing.

  The ALJ declined to admit this evidence because the requirements set forth above were not met. However, it noted that Plaintiff provided testimony during the hearing about the nature of her visit.

  The ALJ abused its discretion in failing to open the record, notwithstanding the absence of a five-day letter. Counsel had learned about the records just prior to the hearing so there was no time to provide the letter. Additionally, Plaintiff received the records two days prior to the hearing. There is no indication that Plaintiff was less than diligent in obtaining the medical records. Moreover, these records indicate radiographic evidence shows multiple level of disc degenerative disease, facet arthropathy, and central canal stenosis. AR60. The records indicate that Plaintiff had an EMG performed in 2023 that showed right L4/L5 nerve injury. These records are relevant because they describe medical treatment for her back, including the bilateral L3 and L4 medical branch and L5 dorsal ramus nerve root ablation.

  **2. Evaluation of the Medical Evidence**

  In evaluating medical opinion evidence, the ALJ must consider the persuasiveness of each medical opinion and prior administrative medical finding from medical sources. 20 C.F.R. § 416.920c(a) and (b). The ALJ is required to

**ORDER REVERSING THE DECISION OF COMMISSIONER** ~ 8

consider multiple factors, including supportability, consistency, the source's relationship with the claimant, any specialization of the source, and other factors (such as the source's familiarity with other evidence in the file or an understanding of Social Security's disability program). 20 C.F.R. § 416.920c(c)(1)-(5).

Supportability and consistency of an opinion are the most important factors, and the ALJ must articulate how they considered those factors in determining the persuasiveness of each medical opinion or prior administrative medical finding. 20 C.F.R. § 416.920c(b)(2). The ALJ may explain how they considered the other factors, but is not required to do so, except in cases where two or more opinions are equally well-supported and consistent with the record. *Id.*

Supportability and consistency are further explained in the regulations:
> (1) Supportability.
> The more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) or prior administrative medical finding(s), the more persuasive the medical opinions or prior administrative medical finding(s) will be.
> (2) Consistency.
> The more consistent a medical opinion(s) or prior administrative medical finding(s) is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) or prior administrative medical finding(s) will be.

*Id.*

### a.  Mental Health Evaluation

The ALJ rejected Dr. Genthe's and Dr. Harmon's marked limitations regarding Plaintiff's appropriate behavior and completing a normal workday without interruptions from psychologically based symptoms in part, because she presented as open, cooperative, and friendly and interacted with her providers, and she could take care of her personal care, prepare meals and independently perform household chores.

This finding is not supported by the record. On the contrary, Dr. Genthe's

**ORDER REVERSING THE DECISION OF COMMISSIONER** ~ 9

and Harmon's conclusions are supported by and consistent with the record. The record indicates Plaintiff needs assistance going to the bathroom, she only makes microwave meals and she cleans her bathroom every four months. She only goes to the grocery store with her mother. She has not socialized outside the house in over a year.

The ALJ erred in concluding that being able to complete minimal daily tasks translates to full-time work, especially since Plaintiff testified that she spends most days lying on the floor.

The ALJ failed to account for the fact that Plaintiff routinely presents with a flat affect and failed to account for her deficits in concentration and memory.

Also, the ALJ failed to properly account for Plaintiff's nightmares, anxiety, flashbacks, feeling jumpy, being easily startled, and being on guard that are the result of an abusive relationship.

As such, the ALJ's rejection of Dr. Genthe's and Dr. Harmon's opinions that Plaintiff has marked limitations in completing a normal workday is not supported by substantial evidence.

### b. Physical Symptoms

The ALJ relied on State agency medical consultants to find that Plaintiff was capable of light work, with some limitations. This conclusion is not supported nor consistent with the record. The ALJ failed to account and seemingly ignored the medical records that demonstrate Plaintiff experiences debilitating back pain. For example, the ALJ stated that Plaintiff did not have issues ambulating, yet it is undisputed that she uses a cane to walk and there is evidence in the record that she experiences pain when ambulating. AR 1858. The record contains instances of ER visits, where Plaintiff is complaining of debilitating pain. Additionally, she has undergone numerous medical procedures to alleviate some of her back pain.

The ALJ's conclusion that Plaintiff is capable of light work with limitations is not supported by substantial evidence.

**ORDER REVERSING THE DECISION OF COMMISSIONER** ~ 10

## VIII. Conclusion

The ALJ failed to properly evaluate the medical evidence. As such, the ALJ's decision that Plaintiff is capable of full-time work is not supported by substantial evidence. On the contrary, the record demonstrates that Plaintiff is disabled because she is incapable of working on a regular and continuing basis. As such, a remand for an immediate award of benefits is appropriate

Accordingly, **IT IS HEREBY ORDERED:**

1. For court management purposes, Plaintiff's Opening Brief, ECF No. 9, is **GRANTED**.

2. For court management purposes, the Commissioner's Brief, ECF No. 14, is **DENIED**.

3. The decision of the Commissioner is **reversed** for an immediate award of benefits.

4. Judgment shall be entered in favor of Plaintiff and against Defedant.

**IT IS SO ORDERED**. The District Court Executive is hereby directed to file this Order, provide copies to counsel, and **close** the file.

**DATED** this 22nd day of August 2025.



Stan Bastian
Chief United States District Judge

**ORDER REVERSING THE DECISION OF COMMISSIONER** ~ 11